UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ILLYA BRITKOVYY,**

    **Plaintiff,**

    v.                                                                                     Case No. 18-CV-718

**KIRSTJEN NIELSEN and**
**L. FRANCIS CISSNA,**

    **Defendants.**

---

## ORDER DISMISSING CASE

---

Illya Britkovyy filed a petition for declaratory judgment and other relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, 28 U.S.C. § 1331, the Declaratory Judgments Act, 28 U.S.C. § 2201, and the Immigration and Nationality Act ("INA") and regulations implementing it. (Docket # 1.) Britkovyy challenges the denial of his application for adjustment of status by U.S. Citizen and Immigration Services ("USCIS"). The Defendants, Department of Homeland Security Secretary Kirstjen Nielson and USCIS Milwaukee Field Office Director Kay Leopold, filed a motion for summary judgment. (Docket # 14.) Britkovyy filed a cross-motion for summary judgment. (Docket # 18.) Because I conclude that this court lacks subject matter jurisdiction over Britkovyy's claim, I will dismiss it without prejudice.

### BACKGROUND

Illya Britkovyy is a native and citizen of Ukraine. (Defendants' Proposed Findings of Fact ("DPFOF") ¶ 1, Docket # 16.) Britkovyy has been married to a U.S. citizen since 2005. (Plaintiff's Proposed Findings of Fact ("PPFOF") ¶ 55, Docket # 20.)

A report by an immigration inspector describes an incident involving Britkovyy denoted "Oral/Documented False Claim to USC." (DPFOF ¶ 3.) The report states that on July 9, 2000, Britkovyy applied for admission into the United States from Tijuana, Mexico through the San Ysidro Port of Entry (Pedestrian). (*Id.* ¶ 4.) Britkovyy had his hat on backwards and was walking in with five American individuals and walking fast. (*Id.* ¶ 6.) The inspector asked Britkovyy what country he was a citizen of and Britkovyy replied that he was born in the United States. (*Id.* ¶ 5.) The inspector observed that Britkovyy was trying to fit in with the crowd of Americans, and when Britkovyy declared his citizenship he tried to walk away from the inspector. (*Id.* ¶ 7.) The inspector stopped Britkovyy and asked his citizenship again and Britkovyy replied in the same manner as the first time. (*Id.* ¶ 8.) The inspector asked Britkovyy if he had identification, and Britkovyy pulled a passport from his back pocket and handed it to the inspector. (*Id.* ¶ 9.) The report does not state what type of passport Britkovyy handed to the inspector. (PPFOF ¶ 57.) The inspector escorted Britkovyy to another location for further investigation. (DPFOF ¶ 10.) The report does not state whether an interpreter was used to communicate with Britkovyy, or if the inspector asked Britkovyy if he spoke English or if he understood his spoken English. (PPFOF ¶¶ 59–60.) None of the information in the report was based on information obtained or sworn to under oath. (*Id.* ¶ 61.)

The next day, Britkovyy gave a sworn statement with the assistance of a Ukrainian interpreter. (DPFOF ¶ 11.) An immigration inspector asked Britkovyy his country of citizenship, to which Britkovyy replied, "Ukraine." (PPFOF ¶ 62.) This question was asked prior to any questions about his interaction with the inspector the previous day. (*Id.* ¶ 63.) Britkovvy stated that when he attempted to enter the United States, he asked the inspector if this was the United States or not, and "[h]e asked me something but I did not understand."

(DPFOF ¶ 13.) Britkovyy denied that he had claimed to be a U.S. citizen, and admitted that he did not have a legal entry document to enter or reside in the United States. (*Id.* ¶¶ 14–15.) Britkovyy said that he left Ukraine "because of 'RUX.'" (*Id.* ¶ 16.) When the inspector asked if it had been his intention to enter the United States, Britkovyy answered, "Yes." (*Id.* ¶ 17.)

That same day (July 10, 2000), after expressing a credible fear of returning to Ukraine, Britkovyy was taken into custody pending a credible fear interview before an asylum officer. (*Id.* ¶ 18.) On August 24, 2000, the Los Angeles Asylum Office determined that credible fear of persecution was established and Britkovyy's case was referred to the immigration court in San Diego, California. (*Id.* ¶ 19.) Britkovyy was released on parole and ordered to appear for a November 20, 2000 hearing. (*Id.* ¶ 20.)

Proceedings for Britkovyy's removal commenced when Immigration and Naturalization Services ("INS") issued a Notice to Appear dated August 31, 2000 and filed it with the immigration court in San Diego. (*Id.* ¶ 21.) INS charged that Britkovyy was an alien subject to removal because he had "falsely represented himself [to] be a citizen of the United States for any purpose or benefit under the Immigration and Nationality Act or any other Federal or State Law and is subject to removal pursuant to INA section 212(a)(6)(C)(ii)." (*Id.* ¶ 22.) INS further charged that Britkovyy was subject to removal pursuant to § 212(a)(7)(A)(i)(1) because at the time of his application for admission, he did not possess a valid, unexpired immigrant visa or other valid immigration document. (*Id.* ¶ 23.)

Britkovyy failed to appear for his November 20, 2000 immigration hearing. (*Id.* ¶ 24.) Britkovyy claims that he failed to appear for the hearing because he did not receive proper notice. (DPFOF Response ¶ 24, Docket # 20.) The immigration judge found that the failure to appear and proceed with any application for relief from removal constituted abandonment,

and ordered Britkovyy removed in absentia. (DPFOF ¶ 24.) Britkovyy failed to depart the United States in accordance with the court order. (*Id.* ¶ 25.) On February 5, 2001, the INS office in San Diego sent Britkovyy a notice informing him that he had an appointment on March 5, 2001 to surrender himself for deportation. (*Id.* ¶ 26.) Britkovyy failed to appear for the appointment. (*Id.* ¶ 27.)

On August 6, 2007, the Milwaukee County Sheriff's Office conducted a traffic stop of Britkovyy and discovered that Britkovyy had an outstanding immigration warrant. (*Id.* ¶ 28.) Britkovyy was turned over to Immigration and Customs Enforcement ("ICE") on August 7, 2007, and on August 8, 2007, ICE flagged him as an absconder and Britkovyy was prepared for removal to Ukraine. (*Id.* ¶ 29.)

On August 20, 2007, counsel for Britkovyy submitted a motion to reopen the case in which the order of removal in absentia had been issued. (*Id.* ¶ 30.) The motion was granted, the filing deadline extended, and the case was reopened and scheduled for further proceedings. (*Id.* ¶ 30.) On October 17, 2007, counsel filed a motion for change of venue, which was granted, transferring the proceedings from San Diego to Chicago, Illinois. (*Id.* ¶ 31.)

In June 2009, Britkovyy's wife filed an I-130 petition for alien relative and the application was approved on November 6, 2009. (*Id.* ¶ 36; DPFOF Response ¶ 36, Docket # 20.) Also in 2009, Britkovyy filed an I-485 to apply for adjustment of status to that of lawful permanent resident. (DPFOF ¶ 36; DPFOF Response ¶ 36, Docket # 20.) On the application, Britkovvy answered "No" to the question, "Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought

to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit?" (PPFOF ¶ 65.) A handwritten note located underneath states, "DHS contends there was a verbal false representation." (*Id.* ¶ 67.)

On or about April 5, 2010, counsel for Britkovyy filed "Respondent's Position Memorandum on Eligibility for Relief" in immigration court in Chicago. (DPFOF ¶ 32.) The question presented in the memorandum was whether Britkovyy's oral submissions to the immigration inspector on July 9, 2000, constituted a false claim to U.S. citizenship upon which Britkovyy could be permanently barred from admission and all future benefits. (*Id.* ¶ 33.) On April 5, 2011, the EOIR informed Britkovyy that his immigration case had been scheduled for a Master hearing before an immigration judge on March 27, 2012. (*Id.* ¶ 34.) On March 27, 2012, the immigration court ordered that the case be administratively closed because it determined that Britkovyy was an arriving alien who had applied for an adjustment of status, and the immigration court does not have jurisdiction over adjustment requests for arriving aliens. (PPFOF ¶¶ 70–71.)

On April 26, 2012, USCIS issued a decision denying Britkovyy's adjustment of status application. (Docket # 1-2 at 11–14.) It notified Britkovyy that he was inadmissible under § 212(a) of the Immigration and Nationality Act ("INA"), which states that any alien who falsely represents himself to be a citizen of the United States for any purpose or benefit under the Act is inadmissible. (*Id.* at 11); 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2012). The decision stated: "During your attempted entry into the United States, you verbally declared yourself to be a United States citizen to the Immigration Officer who was performing his duties at the pedestrian entrance. When you tried to walk away, the officer stopped you and asked again 'what country are you a citizen of?' You stated that you were born in the United States."

5

(Docket # 1-2 at 12.) It then recounted Britkovyy's secondary inspection as described above. (*Id.*) The decision then described Britkovyy's application for asylum, release on bond, failure to appear for his hearing, order of removal in absentia, and failure to depart in accordance with the order. (*Id.* at 12–13.) The decision described Britkovyy's detention following a traffic stop in August 2007, after which ICE flagged Britkovyy as an absconder and prepared him for removal. (*Id.* at 13.) Finally, the decision noted that Britkovyy was not eligible for any exception or waiver under § 212(a)(6)(C)(ii). (*Id.*) The decision concluded, "The granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit, and even a single adverse factor may be sufficient to preclude a favorable exercise of discretion. After careful review of all the facts your I-485 Application to Adjust Status to a Permanent Resident is hereby denied for the reasons above." (*Id.*)

On or about May 4, 2012, Britkovyy and counsel completed and filed a Form I-290B, Notice of Appeal or Motion requesting that USCIS reopen and/or reconsider the denial of adjustment of status. (DPFOF ¶ 48.) By a decision dated January 29, 2018, USCIS dismissed the motion, stating that it did not present new facts or evidence that were not available at the time of the original interview or at the time of final adjudication. (*Id.* ¶¶ 49–50.)

On May 7, 2018, Britkovyy filed the present petition. (Docket # 1.) Britkovyy requests that the court (1) declare that he did not falsely claim United States citizenship; (2) hold unlawful and set aside USCIS's decision as arbitrary, capricious, and/or otherwise not in accordance with the law; (3) order the defendants to take corrective action, including but not limited to granting Britkovyy's adjustment of status application; and (4) grant such other and further relief as the Court deems appropriate and just. (Docket # 1 at 12.)

In summer 2018, the immigration court re-opened Britkovyy's removal proceedings. (DPFOF ¶¶ 52–53.) Britkovyy's Master hearing at the immigration court was rescheduled to May 21, 2019 in order to give this court time to rule on this petition. (DPFOF ¶ 54, PPFOF ¶ 72.)

## ANALYSIS

Britkovyy challenges USCIS's finding that he is inadmissible because he falsely represented himself as a U.S. citizen. (Docket # 1 ¶ 1.) He contends that he did not make, and could not have made, such a claim because he did not understand English well enough to comprehend the question he was asked, and there is no evidence of intent to make a false claim. (*Id.* ¶¶ 43–50.) Britkovyy further argues that even if he made a false statement, he immediately retracted it upon secondary inspection, which negates its effect on his admissibility. (*Id.* ¶¶ 51–54.) The defendants argue that the court lacks jurisdiction because the decision to deny Britkovvy adjustment of status of application was discretionary. (Docket # 15 at 7–8, Docket # 22 at 3–4.) I agree.

Federal courts are courts of limited jurisdiction, and may only decide cases where authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction has the burden to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012).

Britkovyy argues that this court has jurisdiction under the APA in conjunction with 28 U.S.C. § 1331, as well as 28 U.S.C. § 2201 (Declaratory Judgment Act) and the Immigration and Nationality Act.[1] (Docket # 1 ¶¶ 3–4.) The APA is not an independent grant

---

[1] Britkovyy does not develop his jurisdictional argument with regard to the Declaratory Judgment Act or the INA. In any event, the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) (quoting *GNB Battery Technologies*

7

of jurisdiction; however, general federal question jurisdiction exists under 28 U.S.C. § 1331 unless federal jurisdiction is precluded by another statute. *Dhakal v. Sessions*, 895 F.3d 532, 538 (7th Cir. 2018) (citing *Califano v. Sanders*, 430 U.S. 99, 105, 109 (1977)). The APA provides for judicial review of certain agency actions, 5 U.S.C. § 702, but precludes judicial review to the extent that "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). The INA expressly commits adjustment of status to the discretion of the Attorney General: "The status of an alien . . . may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a) (emphasis added). As a matter committed to agency discretion, adjustment of status is thus barred from judicial review under the APA.

Furthermore, the INA's own jurisdiction-stripping provision precludes judicial review of agency decisions under § 1255: "[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). *See Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004) ("When a request for an adjustment of status is denied there is no judicial review because the denial is one of the discretionary orders expressly made nonreviewable by section 1252(a)(2)(B).") The denial of Britkovyy's application for adjustment of status was an exercise of discretion pursuant to 8 U.S.C. § 1255, and is thus precluded from judicial review by both the APA and the INA.

Britkovyy argues that the decision is nevertheless reviewable because it relied upon non-discretionary, statutory eligibility grounds. (Docket # 23 at 1.) As a general matter, pure questions of law, such as the appropriate legal standards the agency must apply, are not

*v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995)), and the INA strips courts of jurisdiction over this claim as described herein.

discretionary and therefore are reviewable despite the jurisdiction-stripping provisions of the INA. *See Morales-Morales v. Ashcroft*, 384 F.3d 418, 421–23 (7th Cir. 2004) ("[T]he meaning of the term 'continuous physical presence' is a non-discretionary question of statutory interpretation. As such, it falls outside § 1252(a)(2)(B)'s jurisdiction-stripping rule."); *Zacharevskaja v. Chertoff*, No. 04 C 4542, 2006 WL 2795013, at *2–3 (N.D. Ill. Sept. 28, 2006) (finding jurisdiction to interpret the term "stepchild" in the INA). But Britkovyy does not object on statutory interpretation grounds. He objects to USCIS's determination of fact that he made a false claim to U.S. citizenship, and to its discretionary decision to deny adjustment of status despite evidence that he recanted any false claim. Such matters are outside the jurisdiction of this court. *See Fajri v. Napolitano*, 12–cv–696–RJS, 2015 WL 500816, at *2 (D. Utah Feb. 5, 2015).

Because this court lacks jurisdiction to review USCIS's decision, it cannot reach the merits of the parties' summary judgment motions. The case will accordingly be dismissed without prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin this 3rd day of April, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge